# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

IDS PROPERTY CASUALTY INSURANCE
COMPANY,

      Plaintiff,

v.                                            Case No. 13-11758

CARLOS MARTELL & CAMILLE GLYNN,

      Defendants.
                                        /

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Pending before the court is Plaintiff's Motion for Summary Judgment. (Dkt. #14.) The motion was originally to be heard on February 5, 2014, but a bankruptcy stay and administrative closing have long left this case in limbo. (Dkt. #19.) The court having now lifted the stay and reopened the case, (Dkt. #22.), Defendants have filed a response, (Dkt. #23), and Plaintiffs have filed a reply, (Dkt. #24). After reviewing the briefs, the court concludes that no hearing is necessary. *See* E.D. Mich. LR 7.1(f)(2). For the following reasons, the court will grant in part and deny in part Plaintiff's motion for summary judgment.

## I. BACKGROUND

The instant case follows a suit filed by Defendants against several insurance companies, including Plaintiff IDS Property Casualty Insurance Company ("IDS"). (No. 10-14896). There, Defendants alleged that IDS had wrongly denied their claim for the loss of their home following a fire on June 14, 2010. After this court denied the

claimants' motion for summary judgment in that proceeding, the case continued to trial where a jury found in favor of IDS, specifying that IDS had proved by the requisite standard its affirmative defenses, including that the claimants had "intentionally concealed or misrepresented [some] material fact or circumstance, or engaged in fraudulent conduct, or made a materially false statement[.]" (Dkt. #14-6.) The Sixth Circuit denied their appeal of this court's ruling on the motion for summary judgment.

In the instant suit, Plaintiff IDS seeks recovery of moneys totaling $320,087.34 paid out to Defendants during their pursuit of the fraudulent claim. Defendants have not responded point-by-point as directed in the court's scheduling order, (Dkt. #9, Pg. ID 31, 32), but rather provided a narrative "Counter Statement of Facts." The material facts are not actually in dispute. In essence they are: 1) an intentionally-set fire destroyed Defendants' home; 2) Plaintiff, reserving its rights, paid out sums to Defendants and their mortgage-holder based on Defendants' statements about their claim; 3) Plaintiff ultimately denied the claim after completing its investigation; 4) Defendants sued; and 5) Defendants lost in large part because the jury determined that they had engaged in misrepresentation and fraudulent conduct.

Plaintiff alleges here that Defendants' conduct —filing the claim and asserting that they were not the source of the fire— constituted fraud, and that Defendants were never entitled to any of the amounts Plaintiff had paid out to them or others on their behalf. Plaintiffs point to contract language that allows them to recover such wrongly-made payments, including those paid to the mortgagee (Aurora Bank FSB). Plaintiff also argues that public policy requires that Defendants repay the mortgage proceeds. Plaintiff argues that the claims are not barred by Federal Rule 13(a) governing

compulsory counterclaims despite not having been brought in the original suit, because the claims did not "mature" until the jury rendered its verdict and made its finding of fraudulent conduct. Finally, IDS argues that it is due a declaratory judgment that it owns the subject property, all rights title and interest in which was conveyed to IDS by Aurora Bank FSB upon payment on the policy.

In response, Defendants argue that Plaintiff's instant claims were compulsory counterclaims to the previous suit, and thus they are barred under Michigan rules governing *res judicata* and collateral estoppel. They argue that any claims IDS might have against them would have "matured" when IDS denied their claims, which preceded the filing of the first lawsuit.

In reply, Plaintiff contends that Defendants' reliance on Michigan's *res judicata* law is inapplicable in cases such as this, which have been litigated exclusively in federal District Court. It also points out that the verdict in the underlying case turned on a determination that the Defendants had been untruthful.

## II. STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). The movant has the initial burden of showing the absence of a genuine dispute as to a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[T]hat burden may be discharged by showing . . . that there is an absence of evidence to

3

support the nonmoving party's case." *Bennett v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005) (internal quotation marks omitted).

The burden then shifts to the nonmovant, who must put forth enough evidence to show that there exists "a genuine issue for trial." *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004) (citation omitted). Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 243 (1986). In evaluating a summary judgment motion, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial . . . credibility judgments and weighing of the evidence are prohibited." *Moran v. Al Basit LLC*, 788 F.3d 201, 204 (6th Cir. 2015) (internal quotation marks and citations omitted).

### III. DISCUSSION

Defendants do not attack the pertinent facts or claims advanced by Plaintiff in this case, but instead argue that, whatever the merits of Plaintiff's claims, because they were not brought in the earlier action they are barred by doctrines of *res judicata* and Federal Rule 13(a) governing compulsory counterclaims. Defendants tacitly admit that, if the claims are not barred, Plaintiff has established sufficient facts to warrant the grant of summary judgment.

Plaintiff is correct that it is Federal Rule 13(a) and not Michigan law that controls here. The Supreme Court has established a framework for determining whether to apply the Federal Rules of Civil Procedure or state law when the Federal Rules address a question. In *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, the Court explained:

4

> The framework for our decision is familiar. We must first determine whether [the Federal Rule] answers the question in dispute. If it does, it governs–[state] law notwithstanding–unless it exceeds statutory authorization or Congress's rulemaking power. We do not wade into Erie's murky waters unless the federal rule is inapplicable or invalid.

559 U.S. 393, 398 (2010) (citations omitted). Federal Rule 13(a) answers the question in dispute–whether IDS may pursue its claims against Defendants after having failed to bring them as counter-claims to the prior proceeding. The rule provides guidance on exactly this question as it states that, with certain exceptions:

> A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and does not require adding another party over whom the court cannot acquire jurisdiction.[1]

Fed. R. Civ. P. 13(a)(1). Additionally, no suggestion has been made that it exceeds statutory authorization or Congress's rulemaking power. Thus, it governs.

"An opposing party's failure to plead a compulsory counterclaim forever bars that party from raising the claim in another action." *Toltest, Inc. v. N. Am. Specialty Ins. Co.*, No. 07-15193, 2009 WL 877715, at *8 (E.D. Mich. Mar. 30, 2009), *aff'd*, 362 F. App'x 514 (6th Cir. 2010) (citation omitted). The Sixth Circuit employs a "logical relationship" test, which looks to "whether the issues of law and fact raised by the claims are largely the same and whether substantially the same evidence would support or refute both claims." *Id.* (citation omitted). IDS has brought four claims in the instant suit: fraud, unjust enrichment, payment under mistake of fact, and declaratory relief. Plaintiff argues that its counterclaims were not compulsory because they were acquired after

---

[1] Neither party suggests that the counterclaims would have required adding a party over whom the court in the original suit lacked jurisdiction.

5

Defendants filed their original suit. It reasons that it did not have a claim against Defendants until the jury made its determination of fraudulent conduct, and in any case it had not paid out some monies, including those paid to Aurora Bank FSB, until after their answer was filed.

Defendants miss the mark in framing their arguments as sounding in *res judicata* and collateral estoppel–doctrines which are not applicable to bar Plaintiff from bringing its claims here. Some of the language in their brief, however, does correspond to Plaintiffs' Federal Rule 13 arguments. Specifically, they contend that the question of fraud arose out of the transaction which was the subject of the previous suit (i.e. the denial of their claim), and that nothing suggests Plaintiff would have been unable to bring the counterclaims at that time.

Even if Defendants are correct that the claims for moneys paid out before their case was filed were compulsory, it does not follow that Plaintiff's request for declaratory relief as to the ownership rights of the property at issue would also be compulsory, nor would any other claim be compulsory for money paid out after IDS had filed its most recent answer in that case on March 4, 2011. To be compulsory, the counterclaim must be "one that the party 'has' at the time that the party is to file his responsive pleading." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 562 (6th Cir. 1995). No reason is given as to why money paid out after the answer to the amended complaint was filed should have been included in that pleading's counterclaims. Claims for money paid out after the filing of the answer to the amended complaint are not compulsory counter claims. These appear to be the claim for attorney fees in the underlying suit, the payments to Aurora

6

Bank FSB, and the claim for declaratory judgment quieting title in Plaintiff's name. The court will therefore grant summary judgment in favor of Plaintiff as to those claims.

However, it may be that claims related to moneys paid out before that time were compulsory, although not all of the same issues of law exist in this case as existed in the earlier suit. Plaintiff's claims all sound in state common-law torts. Defendants' original suit was for breach of state insurance regulations and breach of the insurance contract. These are different legal theories with different elements, though fraud indeed served as an affirmative defense to Defendants' claims in the prior suit. However, the question of factual issues favors Defendants. Plaintiff relies on *Allstate Ins. Co. v. Valdez*, which held that counterclaims for attorneys' fees incurred in defending an action were not compulsory counterclaims, because they were not matured at the time of the earlier suit. 29 F.R.D. 479, 481 (E.D. Mich. 1962). Although the defendant in *Valdez* "knew that if he defended that action he would have certain fees and expenses . . . he did not know their extent[, and] his right to recover them might turn on the result of the [earlier] action." *Id.*

Only superficial similarities can be drawn between the two cases. Here, IDS knew that it had paid out to Defendants and apparently believed that they had engaged in fraudulent conduct, but it did not know the "extent" of additional money to be paid out during the suit, and their right to recover might have turned on the result of the jury's determination. Had the jury concluded that Defendants were wrongly denied benefits, then IDS would surely not have had any claim for fraud against Defendants. But in *Valdez*, the court drew a distinction between "[t]he facts or law relative to the accident and its coverage under the insurance policy" and "whether [plaintiff] has a right to

7

attorney's fees or expenses incurred in responding to the [suit]." *Id.* This distinction cannot be ignored. Defendants' fraudulent proof of loss was dated October 5, 2010, long before IDS filed its answer to the amended complaint in the earlier case. (Dkt. #24-3.)

It appears to the court that the same evidence would tend to prove or disprove the two sets of claims, because the fact that Defendants engaged in fraudulent conduct prevented them from succeeding against IDS in the prior suit. At the same time, this fact is the centerpiece of the instant suit against Defendants. The facts of the instant case are not far from those discussed in *Chan v. Priority Records L.L.C.*, where the court held that compulsory counterclaims were barred because:

> the allegations . . . clearly stem from alleged activity of the Defendant(s) which Plaintiff discussed in great detail during the pendency of the Underlying Lawsuit. . . . Plaintiff raised these issues . . . in the Underlying Lawsuit. Second, most of the allegations cited by Plaintiff . . . involve actions by the Defendant(s) that occurred prior to or concurrent with the filing of the Underlying Lawsuit.

No. 07-15449, 2008 WL 2447147, at *2 (E.D. Mich. June 18, 2008). The key factual issues of the instant suit were also raised in the previous case and involved actions by Defendant that occurred prior to or concurrent with that case. Thus, the claims for money paid out prior to the filing of the answer to the amended complaint are compulsory counter-claims, and therefore barred. The court will deny summary judgment as to those remaining claims.

No motion for summary judgment by Defendant is pending, but the conclusions reached by the court, above, on the question of Plaintiff's compulsory counterclaims appear to warrant a grant of summary judgment in favor of Defendant as to those

8

claims. *See* Fed. R. Civ. P 56(f). The parties shall have a fair opportunity to respond to that suggestion.

### IV. CONCLUSION

The instant motion seeks summary judgment in favor of Plaintiff. As to the claim for attorney fees in the underlying suit, the payments to Aurora Bank FSB, and the claim for declaratory judgment quieting title in Plaintiff's name, the material, operative facts are not in dispute. Neither does Defendant dispute the sufficiency of the facts to warrant a grant of summary judgment to Plaintiff on those claims.

The final disposition of the motion turns on whether the remaining claims founded in fraud were compulsory, and therefore barred, as discussed above.

The court will order Plaintiff to respond and explain why those claims should not be dismissed as forfeited compulsory counterclaims. In lieu of such a showing, the parties may also submit for the court's consideration a stipulated proposed order regarding these claims.

IT IS ORDERED that Plaintiff's Motion for Summary Judgment (Dkt. #14) is GRANTED with respect to attorney fees in the underlying suit, the payments to Aurora Bank FSB, and the claim for declaratory judgment quieting title in Plaintiff's name.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (Dkt. #14) is DENIED with respect to all other claims.

IT IS FURTHER ORDERED that Plaintiff show cause in writing by **Wednesday, February 15, 2017**, why the claims for which summary judgment was denied should not be dismissed as forfeited compulsory counterclaims.

                                                s/Robert H. Cleland
                                                ROBERT H. CLELAND
                                                UNITED STATES DISTRICT JUDGE

Dated: January 31, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 31, 2017, by electronic and/or ordinary mail.

                                              s/Shawna C. Burns
                                              Case Manager Generalist
                                              (810) 984-2056

Q:\Cleland\JUDGE'S DESK\C2 ORDERS\13-11758.IDS.grantsummaryjudgment.bss.RHC.wpd